IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| AMIT PATEL,<br>Reg. No. 91498-510, | )<br>)<br>) | |
| Petitioner, | )<br>) | |
| v. | )<br>) | CASE NO. 2:25-CV-265-WKW<br>[WO] |
| WARDEN WASHINGTON, | )<br>)<br>) | |
| Respondent. | ) | |

**<u>ORDER</u>**

Petitioner Amit Patel, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. # 1.) At the time of filing, he was incarcerated at the Federal Prison Camp in Montgomery, Alabama.[1] In his petition, he claims he has been denied earned time credits under the First Step Act of 2018. (*Id.*) However, his petition initially was deficient because it lacked a signature under penalty of perjury, as required by Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*.[2] To permit Petitioner to correct this deficiency, the court entered an Order on April 9, 2025 ("April 9 Order"), setting an

---

[1] The Federal Bureau of Prisons inmate database reflects that Petitioner is no longer in BOP custody. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 5, 2025).

[2] Rule 2(c) applies to 28 U.S.C. § 2241 petitions under Rule l(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*. *See also* 28 U.S.C. § 2242 (requiring that a § 2241 petition be "signed and verified by the person for whose relief it is intended").

April 23 deadline.  (Doc. # 2 at 1–2.)  The April 9 Order also required Petitioner to notify the court of any address change and cautioned him that failure to comply would result in dismissal without further notice for failure to prosecute and comply with an Order of the court.  (*Id.* at 2.)  Petitioner complied with the Order insofar as he filed an addendum to his petition, certifying that the allegations were made under penalty of perjury.  (*See* Doc. # 3.)  Thereafter, the court ordered the issuance of appropriate summons and directed Respondent to file a response to the petition ("May 20 Order").  (*See* Doc. # 5.)  The May 20 Order also required Petitioner to notify the court and Respondent of any change of address within fourteen days following such change, specifically cautioning Petitioner that failure to do so would result in dismissal.  (*Id.* at 2–3.)  Respondent timely filed a response, and on July 1, 2025, the court ordered Petitioner to file a reply to the response no later than July 23, 2025 ("July 1 Order").  (*See* Doc. # 12.)

To date, Petitioner has failed to comply with the portions of the April 9 Order and the May 20 Order directing him to notify the court of a change of address.  Additionally, Petitioner has neither complied with nor responded to the July 1 Order.  Because Petitioner failed to comply with the court's Orders, his petition will be dismissed without prejudice.  A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases."  *McNair v. Johnson*,

143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling."  *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe."  *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Petitioner failed to comply with the April 9, May 20, and July 1 Orders, despite their express directives and warnings that failing to meet the deadlines would result in dismissal of this action.  Consequently, this action will be dismissed without prejudice.  Although not required for such a dismissal, the court

3

finds a clear record of delay, given the extended period of non-compliance and the notice provided.  It further concludes that no lesser sanction than dismissal would be effective.  *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 12th day of August, 2025.

        /s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE